IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT WALTER BONNER, 0327593, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF BOB ALFORD, )<br>Defendant. ) | No. 3:10-CV-2556-N |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff complains Sheriff Alford violated his civil rights when, without a prior hearing, he was held in administrative segregation while he was in the county jail prior to and during his trial. Petitioner states he was told he was placed in administrative segregation because he was a security threat at the jail. He states he remained in administrative segregation for thirty-two days. Petitioner also complains that he was forced to wear a shock belt during trial, which caused him mental stress. Finally, he states Sheriff Alford denied him equal protection of the law because he was treated differently than other inmates. He seeks money damages.

## SCREENING

The Court has granted Plaintiff leave to proceed *in forma pauperis*. His complaint is

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**      Page -1-

therefore subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from relief. A complaint is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327.

**DISCUSSION**

**1.     Due Process**

Petitioner argues his due process rights were violated when he was not granted a hearing prior to being placed in administrative segregation and prior to being required to wear a shock belt at trial.

In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court cited *Bell v. Wolfish*, 441 U.S. 520 (1979), as setting forth the standard for assessing the rights guaranteed to pretrial detainees under the Due Process Clause. In *Bell*, the Court held that conditions of pretrial detention are constitutional under the Due Process Clause as long as they do not amount to punishment of the detainee prior to an adjudication of guilt. *Bell*, 441 U.S. at 535-37. The Court expressly recognized a distinction between "punitive measures that may not constitutionally be imposed prior to a determination of guilt and regulatory restraints that may." *Id*. at 537. Restrictions on pretrial detainees that are reasonably related to a prison's interest in maintaining order and security do not rise to the level of constitutionally prohibited punishment. *Id*. at 539-40. Whether such a reasonable relation exists is "peculiarly within the province and professional

expertise of correction officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 540 n. 23 (quoting *Pell v. Procunier*, 417 U.S. 817, 827 (1974)).

In this case, Plaintiff submitted some of the transcripts of his criminal trial. Petitioner was tried and convicted of aggravated sexual assault of a child, with multiple victims. Although Petitioner alleges the restraints were imposed as punishment, the transcripts he submits show otherwise. The transcripts show that the trial court found there were security concerns and high emotions among members of the audience and Plaintiff during trial. Plaintiff was also told he was held in administrative segregation because of jail security issues, which may have included a threat of danger to Plaintiff while in jail. Plaintiff has also not alleged that the shock belt was visible to the jury, or that he was ever shocked with the belt.

Plaintiff has failed to show the administrative segregation and shock belt were not reasonably related to Defendant's interest in maintaining order and security. Plaintiff's due process claims should be dismissed.

**2.** **Equal Protection**

Plaintiff argues he was denied equal protection by Sheriff Alford. He states Sheriff Alford treated him differently than other similarly situated detainees, and that he is a "class of one" under Equal Protection principles. To state a claim as a "class of one," Plaintiff must show he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff, however, has submitted no allegations regarding any similarly

situated detainees. Plaintiff's claim should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice as frivolous.

Signed this 15th day of June, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).